RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

YAEL BORTNICK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Tel:   202-514-6632
Fax:   202-307-0054
Yael.Bortnick@usdoj.gov
*Attorneys for the United States*

Of Counsel:
JOSEPH H. HARRINGTON
United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MOHAMMED ALI REZAEE BAROON,<br><br>　　　　Defendant. | Case No. 4:18-cv-5191<br><br>**COMPLAINT FOR RECOVERY OF CIVIL PENALTIES** |

Plaintiff, the United States of America ("United States"), pursuant to 31 U.S.C. § 3711(g)(4)(C)), brings this timely action to collect from the defendants outstanding civil penalties (31 U.S.C. § 5321(a)(5)), commonly known as an FBAR penalty, which were assessed against Mohammed Ali Rezaee Baroon, for his willful failure to timely report his financial interest in, and/or his signatory authority over, foreign bank accounts for the 2008, 2009, 2010, 2011, and 2012

United States of America's Complaint - 1

calendar years, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and interest, having a total balance due to the United States of America of $84,611.14 as of January 31, 2018. Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 et seq.) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as authorized by 28 U.S.C. § 3011. In support of this action, the United States alleges as follows:

## DEFENDANT

1. Defendant Mohammed Ali Rezaee Baroon ("Mr. Baroon") had a United States Permanent Resident Card (also referred to as a "Green Card") and was lawfully admitted into the United States for legal residence at all times relevant to the assessment of the outstanding liabilities at issue in this action.

## JURISDICTION AND VENUE

2. Jurisdiction over this action is conferred upon this district court by 28 U.S.C. §§ 1331, 1345, and 1355.

3. Venue is proper under 28 U.S.C. § 1391(b)(1) because Mr. Baroon resides in this district

## LEGAL AUTHORITY FOR FBAR PENALTY

4. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Internal

Revenue Service ("IRS") for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

5. To fulfill this requirement, a person must file a Form TDF 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the years at issue, the FBAR was due no later than June 30 of the following calendar year. 31 C.F.R. § 1010.306(c).

6. 31 U.S.C. § 5321(a)(5) authorizes the imposition of civil penalties for a willful failure to comply with the reporting requirements of 26 U.S.C. § 5314. Specifically, section 5321(a)(5)(C) provides for a penalty in the amount of the greater of $100,000 or 50% of the balance in the account at the time of the violation.

7. The penalty set forth under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties under 31 U.S.C. § 3717.

## DEFENDANT'S FAILURE TO REPORT
## HIS INTEREST IN FOREIGN FINANCIAL ACCOUNTS

8. In each of the years 2008, 2009, 2010, 2011, and 2012 (the "years at issue"), Mr. Baroon had a financial interest in and signatory authority over (1) a foreign bank account with an account number ending 63130 at Den Norski Bank in Norway and (2) a foreign bank account with an account number ending 5571, at Netfronds Bank in Denmark (together the "foreign accounts").

9. During the years at issue, Mr. Baroon worked as a doctor in Norway. Mr. Baroon deposited his foreign income into the foreign accounts.

10. During the years at issue, Mr. Baroon's wife, Katayoon Amir Jalali ("Ms. Jalali"), worked as a pharmacist in Richland, Washington.

11. During the years at issue, Mr. Baroon frequently wired money from the foreign accounts to a domestic account he held with U.S. Bank and domestic brokerage accounts he held with E*Trade.

12. Mr. Baroon and Ms. Jalali filed joint federal income tax returns for taxable years 2008 through 2012.

13. Mr. Baroon's foreign accounts earned interest and paid dividends in the following amounts in the following years:

| Year | Interest | Dividends |
|---|---|---|
| 2008 | $398.00 | $975.00 |
| 2009 | $266.00 | - |
| 2010 | $379.00 | - |
| 2011 | $306.00 | - |

14. Mr. Baroon and Ms. Jalali never reported the interest or dividends from the foreign accounts on their 2008 through 2012 joint income tax returns, and failed to report the vast majority of Mr. Baroon's foreign income.

15. Based on information and belief, Mr. Baroon and Ms. Jalali omitted the following amounts of foreign income from their original 2008 through 2012 joint income tax returns:

| Year | Unreported Foreign Income |
|---|---|
| 2008 | $365,380.00 |
| 2009 | $399,097.00 |
| 2010 | $405,094.00 |
| 2011 | $351,526.00 |
| 2012 | $18,163.00 |

United States of America's Complaint - 4

16. Mr. Baroon and Ms. Jalali failed to include a Schedule B as part of their income tax returns for 2008 and 2009.

17. On Schedule B for their 2010, 2011, and 2012 income tax returns, Mr. Baroon and Ms. Jalali answered "No" to the question asking whether they had "any interest or signature authority over a financial account in a foreign country such as a bank account, securities account, or other financial account."

18. Mr. Baroon did not file an FBAR for calendar years 2008, 2009, 2010, 2011, or 2012 by June 30, 2009, 2010, 2011, 2012, or 2013, respectively.

19. In October 2011, Mr. Baroon and Ms. Jalali filed amended joint income tax returns for tax years 2008 and 2009. However, the amended returns for 2008 and 2009 included only a small portion of Mr. Baroon's foreign income, and did not report the interest and dividends from the foreign accounts, nor did Mr. Baroon and Ms. Jalali file FBARs. The amended joint income tax returns for years 2008 and 2009 included only the following amounts of previously unreported income from foreign sources:

| Year | Foreign Income Reported on Amended Tax Return |
|---|---|
| 2008 | $23,819.00 |
| 2009 | $42,374.00 |

20. On Schedule B for their amended 2008 and 2009 income tax returns, Mr. Baroon and Ms. Jalali answered "No" to the question asking whether they had "any interest or signature authority over a financial account in a foreign country such as a bank account, securities account, or other financial account."

United States of America's Complaint - 5

21. After the IRS commenced an examination, on August 24, 2015, Mr. Baroon filed delinquent FBARs reporting his financial interests in the foreign accounts for the calendar years 2008, 2009, 2010, 2011, and 2012.

22. In the delinquent FBARs, Mr. Baroon reported that the aggregate maximum U.S. dollar value of his interest in the foreign accounts (otherwise referred to as the "highest account balance") exceed $10,000 at all relevant times.

## CLAIM FOR RELIEF: JUDGMENT FOR CIVIL PENALTY

*Liability for the Civil Penalties*

23. During the 2008 through 2012 calendar years, Mr. Baroon was a United States person within the meaning of 31 C.F.R. § 1010.350(b).

24. During the 2008 through 2012 calendar years, Mr. Baroon had a financial interest in the foreign accounts and/or signatory authority over the foreign accounts, within the meaning of 31 C.F.R. § 1010.350(f).

25. The foreign accounts were bank accounts in a foreign country.

26. For each of the years 2008, 2009, 2010, 2011, and 2012, the balance of the foreign accounts, individually and/or collectively, exceeded $10,000.

27. Mr. Baroon failed to file an FBAR with regard to the 2008, 2009, 2010, 2011, and 2012 calendar years on or before each of the applicable deadlines, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

28. The failure of Mr. Baroon to timely file an FBAR with regard to each of the 2008, 2009, 2010, 2011, and 2012 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalty*

29. On December 20, 2016, a delegate of the Secretary of the Treasury timely assessed civil penalties against Mr. Baroon, due to the willful failure of Mr. Baroon to disclose the foreign accounts to the IRS ("FBAR Penalty") for the years and in the amounts that follow:

| Year | Penalty Amount |
|---|---|
| 2008 | $17,508.00 |
| 2009 | $13,874.00 |
| 2010 | $21,077.00 |
| 2011 | $20,890.00 |
| 2012 | $9,215.00 |
| **Total:** | **$82,564.00** |

30. The assessments of the FBAR penalties was timely. Pursuant to 31 U.S.C. § 5321(b)(1), the statute of limitations for the assessment of an FBAR penalty is six years  The FBARs for the 2008 and 2009 years were due on June 30, 2009 and June 30, 2010, respectively. Thus, without any extensions, the last day for the assessment of the FBAR penalties for 2008 and 2009 would have been June 30, 2015 and June 30, 2016, respectively. However, on January 27, 2015, Mr. Baroon signed a consent to extend the time to assess the civil penalties under 31 U.S.C. § 5321 for the 2008 year until June 30, 2016. On September 8, 2015, Mr. Baroon signed a second consent to extend the time to assess the civil penalties under 31 U.S.C. § 5321 for the 2008 and 2009 years until June 30, 2017. The FBAR penalties for the 2008 and 2009 years were timely assessed on December 20, 2016.

United States of America's Complaint - 7

31. A delegate of the Secretary of Treasury sent Mr. Baroon notice of the assessment of the FBAR Penalties and demand for payment.

32. Despite notice and demand for payment, Mr. Baroon has failed to pay the penalties assessed against him with respect to his willful failure to file an FBAR for the 2008, 2009, 2010, 2011, and 2012 calendar years.

33. In addition to the FBAR Penalties, Mr. Baroon, owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2), and interest pursuant to 31 U.S.C. § 3717(a), which as of January 31, 2018, together totaled $2,047.14.

34. Mr. Baroon is liable to the United States of America for the FBAR Penalty, as well as associated penalties and interest, in the total amount of $84,611.14 as of January 31, 2018, plus statutory accruals from that date until the liability is paid in full.

35. This is a timely civil action to collect the FBAR Penalty, and the associated penalties and interest under 31 U.S.C. § 5321(b)(2).

WHEREFORE, the United States of America demands that this Court:

A. Enter judgment in favor of the plaintiff, United States of America, and against Mohammed Ali Rezaee Baroon with regard to the 2008, 2009, 2010, 2011, and 2012 calendar year reporting periods, as well as associated penalties and interest, in the total amount of $84,611.14 as of January 31, 2018, plus statutory accruals from that date until fully paid; and

B. Award the United States of America its costs and such other further relief as the Court deems just and proper.

//

Respectfully submitted this 13th day of December, 2018.

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        */s/ Yael Bortnick*
        YAEL BORTNICK
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Washington, D.C. 20044
        Tel:   202-514-6632
        Fax:   202-307-0054
        Yael.Bortnick@usdoj.gov
        *Attorneys for the United States*

        Of Counsel:
        JOSEPH HARRINGTON
        United States Attorney

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Mohammed Ali Rezaee Baroon

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Yael Bortnick, US Dept. of Justice, PO Box 682, Ben Franklin Station, Washington, DC 20044; 202-514-6632

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | [X] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. § 5321

Brief description of cause:
Recovery of penalty for failure to report foreign bank account

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
84,611.14

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE      DOCKET NUMBER

DATE: 12/13/2018

SIGNATURE OF ATTORNEY OF RECORD: /s/ Yael Bortnick

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

     A lawsuit has been filed against you.

     Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

     If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                                          *CLERK OF COURT*

Date: _____                            _____
                                                                           *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: