RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

YAEL BORTNICK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Tel:   202-514-6632
Fax:   202-307-0054
Yael.Bortnick@usdoj.gov
*Attorneys for the United States*

Of Counsel:
JOSEPH H. HARRINGTON
United States Attorney

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MOHAMMED ALI REZAEE BAROON,<br><br>  Defendant. | Case No. 4:18-cv-5191<br><br>**FIRST AMENDED COMPLAINT FOR RECOVERY OF CIVIL PENALTIES** |

Plaintiff, the United States of America ("United States"), pursuant to 31 U.S.C. § 3711(g)(4)(C)), brings this timely action to collect from the defendants outstanding civil penalties (31 U.S.C. § 5321(a)(5)), commonly known as an FBAR penalty, which were assessed against Mohammed Ali Rezaee Baroon, for his willful failure to timely report his financial interest in, and/or his signatory authority over, foreign bank accounts for the 2008, 2009, 2010, 2011, and 2012

United States of America's First Amended Complaint - 1

calendar years, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and interest, having a total balance due to the United States of America of $84,611.14 as of January 31, 2018. Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 et seq.) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as authorized by 28 U.S.C. § 3011. In support of this action, the United States alleges as follows:

## DEFENDANT

1. Defendant Mohammed Ali Rezaee Baroon ("Mr. Baroon") had a United States Permanent Resident Card (also referred to as a "Green Card") and was lawfully admitted into the United States for legal residence at all times relevant to the assessment of the outstanding liabilities at issue in this action.

## JURISDICTION AND VENUE

2. Jurisdiction over this action is conferred upon this district court by 28 U.S.C. §§ 1331, 1345, and 1355.

3. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the United States' claim in this action occurred in this judicial district.

## LEGAL AUTHORITY FOR FBAR PENALTY

4. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other

financial account in a foreign country shall report such relationship" to the Internal Revenue Service ("IRS") for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

5. To fulfill this requirement, a person must file a Form TDF 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the years at issue, the FBAR was due no later than June 30 of the following calendar year. 31 C.F.R. § 1010.306(c).

6. 31 U.S.C. § 5321(a)(5) authorizes the imposition of civil penalties for a willful failure to comply with the reporting requirements of 26 U.S.C. § 5314. Specifically, section 5321(a)(5)(C) provides for a penalty in the amount of the greater of $100,000 or 50% of the balance in the account at the time of the violation.

7. The penalty set forth under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties under 31 U.S.C. § 3717.

## DEFENDANT'S FAILURE TO REPORT
## HIS INTEREST IN FOREIGN FINANCIAL ACCOUNTS

8. In each of the years 2008, 2009, 2010, 2011, and 2012 (the "years at issue"), Mr. Baroon had a financial interest in and signatory authority over (1) a foreign bank account with an account number ending 63130 at Den Norski Bank in Norway and (2) a foreign bank account with an account number ending 5571, at Netfronds Bank in Denmark (together the "foreign accounts").

9. During the years at issue, Mr. Baroon worked as a doctor in Norway. Mr. Baroon deposited his foreign income into the foreign accounts.

1  10. During the years at issue, Mr. Baroon's wife, Katayoon Amir Jalali

2  ("Ms. Jalali"), worked as a pharmacist in Richland, Washington.

3  11. During the years at issue, Mr. Baroon frequently wired money from

4  the foreign accounts to a domestic account he held with U.S. Bank and domestic

5  brokerage accounts he held with E*Trade.

6  12. Mr. Baroon and Ms. Jalali filed joint federal income tax returns for

7  taxable years 2008 through 2012.

8  13. Mr. Baroon's foreign accounts earned interest and paid dividends in

9  the following amounts in the following years:

| Year | Interest | Dividends |
|---|---|---|
| 2008 | $398.00 | $975.00 |
| 2009 | $266.00 | - |
| 2010 | $379.00 | - |
| 2011 | $306.00 | - |

14. Mr. Baroon and Ms. Jalali never reported the interest or dividends from the foreign accounts on their 2008 through 2012 joint income tax returns, and failed to report the vast majority of Mr. Baroon's foreign income.

15. Based on information and belief, Mr. Baroon and Ms. Jalali omitted the following amounts of foreign income from their original 2008 through 2012 joint income tax returns:

| Year | Unreported Foreign Income |
|---|---|
| 2008 | $365,380.00 |
| 2009 | $399,097.00 |
| 2010 | $405,094.00 |

United States of America's First Amended Complaint - 4

| 2011 | $351,526.00 |
| --- | --- |
| 2012 | $18,163.00 |

16. Mr. Baroon and Ms. Jalali failed to include a Schedule B as part of their income tax returns for 2008 and 2009.

17. On Schedule B for their 2010, 2011, and 2012 income tax returns, Mr. Baroon and Ms. Jalali answered "No" to the question asking whether they had "any interest or signature authority over a financial account in a foreign country such as a bank account, securities account, or other financial account."

18. Mr. Baroon did not file an FBAR for calendar years 2008, 2009, 2010, 2011, or 2012 by June 30, 2009, 2010, 2011, 2012, or 2013, respectively.

19. In October 2011, Mr. Baroon and Ms. Jalali filed amended joint income tax returns for tax years 2008 and 2009. However, the amended returns for 2008 and 2009 included only a small portion of Mr. Baroon's foreign income, and did not report the interest and dividends from the foreign accounts, nor did Mr. Baroon and Ms. Jalali file FBARs. The amended joint income tax returns for years 2008 and 2009 included only the following amounts of previously unreported income from foreign sources:

| Year | Foreign Income Reported on Amended Tax Return |
| --- | --- |
| 2008 | $23,819.00 |
| 2009 | $42,374.00 |

20. On Schedule B for their amended 2008 and 2009 income tax returns, Mr. Baroon and Ms. Jalali answered "No" to the question asking whether they had

United States of America's First Amended Complaint - 5

"any interest or signature authority over a financial account in a foreign country such as a bank account, securities account, or other financial account."

21. After the IRS commenced an examination, on August 24, 2015, Mr. Baroon filed delinquent FBARs reporting his financial interests in the foreign accounts for the calendar years 2008, 2009, 2010, 2011, and 2012.

22. In the delinquent FBARs, Mr. Baroon reported that the aggregate maximum U.S. dollar value of his interest in the foreign accounts (otherwise referred to as the "highest account balance") exceed $10,000 at all relevant times.

## CLAIM FOR RELIEF: JUDGMENT FOR CIVIL PENALTY

*Liability for the Civil Penalties*

23. During the 2008 through 2012 calendar years, Mr. Baroon was a United States person within the meaning of 31 C.F.R. § 1010.350(b).

24. During the 2008 through 2012 calendar years, Mr. Baroon had a financial interest in the foreign accounts and/or signatory authority over the foreign accounts, within the meaning of 31 C.F.R. § 1010.350(f).

25. The foreign accounts were bank accounts in a foreign country.

26. For each of the years 2008, 2009, 2010, 2011, and 2012, the balance of the foreign accounts, individually and/or collectively, exceeded $10,000.

27. Mr. Baroon failed to file an FBAR with regard to the 2008, 2009, 2010, 2011, and 2012 calendar years on or before each of the applicable deadlines, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

28. The failure of Mr. Baroon to timely file an FBAR with regard to each of the 2008, 2009, 2010, 2011, and 2012 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalty*

29. On December 20, 2016, a delegate of the Secretary of the Treasury timely assessed civil penalties against Mr. Baroon, due to the willful failure of Mr. Baroon to disclose the foreign accounts to the IRS ("FBAR Penalty") for the years and in the amounts that follow:

| Year | Penalty Amount |
|---|---|
| 2008 | $17,508.00 |
| 2009 | $13,874.00 |
| 2010 | $21,077.00 |
| 2011 | $20,890.00 |
| 2012 | $9,215.00 |
| **Total:** | **$82,564.00** |

30. The assessments of the FBAR penalties was timely. Pursuant to 31 U.S.C. § 5321(b)(1), the statute of limitations for the assessment of an FBAR penalty is six years  The FBARs for the 2008 and 2009 years were due on June 30, 2009 and June 30, 2010, respectively. Thus, without any extensions, the last day for the assessment of the FBAR penalties for 2008 and 2009 would have been June 30, 2015 and June 30, 2016, respectively. However, on January 27, 2015, Mr. Baroon signed a consent to extend the time to assess the civil penalties under 31 U.S.C. § 5321 for the 2008 year until June 30, 2016. On September 8, 2015, Mr. Baroon signed a second consent to extend the time to assess the civil penalties under 31 U.S.C. § 5321 for the 2008 and 2009 years until June 30, 2017. The FBAR penalties for the 2008 and 2009 years were timely assessed on December 20, 2016.

United States of America's First Amended Complaint - 7

31. A delegate of the Secretary of Treasury sent Mr. Baroon notice of the assessment of the FBAR Penalties and demand for payment.

32. Despite notice and demand for payment, Mr. Baroon has failed to pay the penalties assessed against him with respect to his willful failure to file an FBAR for the 2008, 2009, 2010, 2011, and 2012 calendar years.

33. In addition to the FBAR Penalties, Mr. Baroon, owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2), and interest pursuant to 31 U.S.C. § 3717(a), which as of January 31, 2018, together totaled $2,047.14.

34. Mr. Baroon is liable to the United States of America for the FBAR Penalty, as well as associated penalties and interest, in the total amount of $84,611.14 as of January 31, 2018, plus statutory accruals from that date until the liability is paid in full.

35. This is a timely civil action to collect the FBAR Penalty, and the associated penalties and interest under 31 U.S.C. § 5321(b)(2).

WHEREFORE, the United States of America demands that this Court:

    A. Enter judgment in favor of the plaintiff, United States of America, and against Mohammed Ali Rezaee Baroon with regard to the 2008, 2009, 2010, 2011, and 2012 calendar year reporting periods, as well as associated penalties and interest, in the total amount of $84,611.14 as of January 31, 2018, plus statutory accruals from that date until fully paid; and

    B. Award the United States of America its costs and such other further relief as the Court deems just and proper.

//

1 | Respectfully submitted this 18th day of April, 2019.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Yael Bortnick*
YAEL BORTNICK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Tel:   202-514-6632
Fax:   202-307-0054
Yael.Bortnick@usdoj.gov
*Attorneys for the United States*

Of Counsel:
JOSEPH HARRINGTON
United States Attorney