UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MOHAMMED ALI REZAEE BAROON,<br><br>  Defendant. | No. 4:18-CV-05191-SAB<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

  Before the Court is the Government's Motion for Entry of Default Judgment, ECF No. 10. Defendant has failed to plead or appear in this action. On July 29, 2019, the Clerk of Court entered an Order of Default against Defendant. ECF No. 8. Having reviewed the Government's motion and the relevant caselaw, the Court **grants** the motion and enters default judgment in favor of Plaintiff and against Defendant.

### Facts

  U.S. citizens and legal residents who have a financial interest in or signatory authority over a foreign bank account must report that relationship to the Department of Treasury for each year in which the relationship exists. 31 U.S.C. § 5314(a); 31 C.F.R. § 1010.350(a). To fulfill this requirement, a person who has such an interest or authority must file a "Report of Foreign Bank and Financial Accounts" ("FBAR") with the IRS. For the years at issue here, an FBAR was due

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT \* 1**

no later than June 30 of the subsequent calendar year in any year in which the aggregate balance of the foreign financial accounts exceeded $10,000. *See* 31 C.F.R. § 1010.306(c). Any U.S. citizen or resident who fails to comply with the FBAR reporting requirements may be subject to a civil penalty or up to $100,000 or 50% of the balance in the account at the time of the violation. 31 U.S.C. § 5321(a)(5)(C).

The Government alleges that, between 2008 and 2012, Defendant had a financial interest in and signatory authority over two foreign bank accounts—one in Norway and one in Denmark. ECF No. 1 at 3. During each of those years, Defendant was a legal U.S. resident working as a doctor in Norway, while his wife worked as a pharmacist in Richland, Washington. *Id*. Defendant allegedly deposited his foreign income into these two accounts, and also wired money from the foreign accounts to domestic accounts at U.S. Bank and E*Trade. *Id*.

Defendant and his wife filed joint federal income tax returns for the 2008 through 2012 tax years. ECF No. 1 at 4. On each of the original returns for the relevant years, they failed to report the majority of Defendant's foreign income. *Id*. In addition, Defendant failed to report interest earned and dividends paid out from these foreign bank accounts as required by law. *Id*. Although Defendant filed amended tax returns for 2008 and 2009, the returns still failed to report all interest, dividends, and foreign income earned during those years and Defendant and his wife denied having any interest in a foreign account. *Id*.

On August 24, 2015, Defendant filed delinquent FBARs reporting his financial interests in the foreign accounts for 2008 through 2012, but only after the IRS had already begun investigating. ECF No. 10 at 5. In the delinquent FBARs, Defendant reported that the aggregate maximum value of his interest in the foreign accounts exceeded $10,000 for each of the years between 2008 and 2012. *Id*. On December 20, 2016, the IRS assessed FBAR penalties against Defendant and a

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT \* 2**

delegate for the Secretary of Treasury sent Defendant notice of the penalties and a demand for payment. ECF No. 1 at 8; ECF No. 10 at 5.

Despite this notice and demand, the Government alleges that Defendant failed to pay the penalties assessed against him with respect to his willful failure to file an FBAR for the 2008, 2009, 2010, 2011, and 2012 calendar years in the amount of $82,564. *Id.* In addition to the FBAR penalties, the Government alleges that Defendant owes late-payment penalties and interest in the amount of $2,047.14, plus statutory accruals from January 31, 2018 until the liability is paid in full. *Id.*

## Procedural History

The United States initially filed a Complaint against Defendant on December 13, 2018. ECF No. 1. The Government alleges that Defendant owes outstanding civil penalties under 31 U.S.C. § 5321(a)(5)—commonly known as an FBAR penalty—for his willful failure to timely report a financial interest in or signatory authority over foreign bank accounts from 2008 through 2012. ECF No. 1 at 1. The Government alleges that the total balance due on these penalties and interest adds up to $84,611.14 as of January 31, 2018. Defendant was timely served with the summons and complaint on April 25, 2019. ECF No. 6. Defendant has not filed an answer or otherwise responded to the allegations in the Complaint. On July 29, 2019, the Clerk of Court entered default against Defendant. ECF No. 7. To date, Defendant has not filed an Answer or otherwise appeared in this case.

## Legal Standard

Motions for entry of default judgment are governed by Federal Rule of Civil Procedure 55(b). If the plaintiff is seeking damages in a "sum certain," then the Clerk may enter default judgment; otherwise, if there is any doubt as to the sum of damages due the plaintiff, the court must enter default judgment. *Franchise Holding, LLC v. Huntington Rest. Grp., Inc.*, 375 F.3d 922, 929 (9th Cir. 2004). The entry of default judgment under Rule 55(b) is "an extreme measure." *Cmty.*

*Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). "As a general rule, default judgements are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). In determining whether to enter default judgment, a court should consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). All well-pleaded allegations in a complaint are deemed admitted on a motion for default judgment. *In re Visioneering Const.*, 661 F.2d 119, 124 (9th Cir. 1981).

## Discussion

Defendant has failed to appear or otherwise plead in this action. The Clerk has already entered default against him. ECF No. 8. Thus, the Court may enter default judgment against Defendant. Fed. R. Civ. P. 55(b)(2). As detailed below, the *Eitel* factors weigh in favor of default judgment and the Court accordingly grants the Government's motion and orders entry of judgment in the Government's favor.

1. The Possibility of Prejudice to Plaintiff

First, if the Court does not enter default judgment against Defendant, the Government will suffer prejudice. The Government gave Defendant proper notice, but Defendant did not respond. If the motion is not granted, the Government would have no recourse for recovery of the owed FBAR penalties. Accordingly, there is a strong possibility of prejudice to the Government, and this element weights in favor of default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT \* 4**

### 2. The Merits of Plaintiff's Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors are related and weigh in favor of granting the motion for default judgment. Here, the merits of the Government's claims and the sufficiency of its complaint weigh in favor of granting default judgment. Taking the complaint's well-pleaded allegations as admitted, *see In re Visioneering Const.*, 661 F.2d at 124, the Government has met its burden of showing that Defendant does in fact owe the alleged penalties. In order to show liability, the Government must show that Defendant willfully or recklessly failed to comply with FBAR requirements. *See Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57 (2007) (finding that willfulness covers knowing and reckless violations); *United States v. McBride*, 908 F. Supp. 2d 1186, 1204 (D. Utah 2012). Willful intent may be inferred from circumstantial evidence and reasonable inferences drawn from the facts. *McBride*, 908 F. Supp. 2d at 1205.

The Government's complaint shows that Defendant was at least recklessly indifferent to the FBAR reporting requirements. Defendant was a U.S. resident who had interests in foreign financial accounts with balances in excess of $10,000, yet he did not comply with the FBAR requirements in filing his annual tax returns and actively attempted to conceal his foreign accounts and income for the relevant years. *See* ECF No. 10 at 11-12. On his tax returns, Defendant did not report the existence of his foreign accounts, did not report the interests and dividends earned from those accounts, did not report foreign income, and attested that he had no interest in a foreign account. *See also* ECF No. 10-1. Thus, the merits of the Government's substantive claims and the sufficiency of the complaint weigh in favor of granting the default judgment.

### 3. Sum of Money at Stake in the Action

The fourth *Eitel* factor weights in favor of granting the motion. The Court must examine "the sum of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176-77. "If the sum of money

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT * 5**

at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-198-TUC-CKJ, 2008 WL 65604 at *4 (D. Ariz. Jan. 3, 2008). As of January 31, 2018, the FBAR penalties and associated interest and late fees total $84,611.14. *See* ECF No. 1 at 8. The Court does not consider this to be a disproportionate or inappropriate sum given the scope of the alleged misconduct. *See JP Morgan Chase Bank NA v. U.S. Metal Buildings Corp.*, No. CV-19-01432-PHX-MTL, 2019 WL 5213337 at *2 (D. Ariz. October 16, 2019) (finding that $89,645.90 was not a disproportionate or inappropriate sum).

### 4. Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor weighs in favor of granting the motion because there is no dispute of material facts. Defendants have not responded in this action despite the fact that it has been pending since December 2018. The factual allegations of the complaint—except those relating to the amount of damages—are taken as true. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Thus, there is no dispute concerning material facts.

### 5. Whether the Default was Due to Excusable Neglect

The sixth *Eitel* factor weights in favor of granting the motion. Defendant has had multiple opportunities to respond to the action over the nearly 14 months this action has been pending. No explanation has been offered for Defendant's failure to appear. It is therefore highly unlikely that Defendant's "failure to answer and the resulting default was a result of excusable neglect." *Gemmel*, 2008 WL 65604 at *5.

### 6. Strong Policy Favoring Decisions on the Merits

The final *Eitel* factor is not sufficient to preclude the Court from entering default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, this preference, standing alone, is not dispositive. *PepsiCo*, 238 F. Supp. 2d at 1177. Moreover, a defendant's failure to

contest the Complaint or seek relief from the entry of default "makes a decision on the merits impractical, if not impossible." *Id*. Given the fact that all of the other *Eitel* factors weigh in favor of granting the motion, the presumption in favor of decisions of the merits is not sufficient to preclude the Court from entering default judgment.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Default Judgment, ECF No. 10, is **GRANTED**.

2. Judgment is to be entered in Plaintiff's favor and against Defendant in the total amount of $84,611.14 as follows:

   a. $82,564 in principal;

   b. $1,126.49 in late-payment penalties;

   c. $920.65 in interest; and

   d. statutory accruals from January 31, 2018 until payment, pursuant to 31 U.S.C. §§ 3717(a)(1) and (e)(2), and costs related to processing the debt, pursuant to 31 U.S.C. §§ 3717(e)(1).

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 27th day of February 2020.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT \* 7**